# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| **WILLIE DEWAYNE LATTIMORE, SR.,** | : | |
| **Plaintiff,** | : | |
| v. | : | 5:08-cv-027 (HL) |
| **HOUSTON COUNTY BOARD OF COMMISSIONERS,** | : | |
| **Defendants.** | : | |

## **O R D E R**

Currently pending before the Court is Plaintiff's Motion to Proceed Without Prepayment of Fees and Affidavit (doc. 7). Although not styled as such, Plaintiff's motion is a request to proceed in forma pauperis on appeal. Having read and considered Plaintiff's motion, the Court presents its findings below.

## I. BACKGROUND

Plaintiff, Willie Dewayne Lattimore, Sr., filed his Complaint (doc. 1), pro se, in this Court on February 4, 2008. In the last sentence of his civil lawsuit, Plaintiff requested that the Court provide him with legal counsel, so his Complaint was also treated as a motion to appoint counsel (doc. 2). Simultaneous with the filing of his Complaint, Plaintiff filled a Motion to Proceed Without Prepayment of Fees and Affidavit (doc. 3) in order proceed with the litigation of his lawsuit in forma pauperis.

In an Order (doc. 4) dated February 7, 2008, this Court dismissed Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), rendering moot his motions for in forma pauperis status and to have counsel appointed. As is customary in cases where a party requests in forma pauperis status,

this Court conducted an initial review to assess the frivolity of Plaintiff's case. It was determined that Plaintiff's Complaint failed to state a claim on which relief may be granted–sufficient grounds for the Court to dismiss the entire case sua sponte. In response, Plaintiff filed his Notice of Appeal on April 7, 2008, and simultaneously filed the in forma pauperis motion currently pending before this Court.

**II.    DISCUSSION**

While not directly referenced in his motion, Plaintiff's application to proceed in forma pauperis is governed by Title 28, United States Code, Section 1915 and by Rule 24 of the Federal Rules of Appellate Procedure. Congress has conferred on this Court the power to "authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).[1] However, "the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Id. § 1915(e)(2)(A)-(B).

Here, Plaintiff is requesting permission to proceed in forma pauperis for purposes of appealing the Court's February 7 sua sponte dismissal of his Complaint after an initial review. Congress promulgated provisions specific to motions to proceed in forma pauperis on appeal: "An

---

[1] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1306 n.2 (11th Cir. 2004).

appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." Id. § 1915(a)(3).[2] An appeal is not taken in good faith as contemplated by § 1915 when an in forma pauperis applicant seeks the review of issues which can be deemed frivolous from an objective standpoint.  See Coppedge v. United States, 369 U.S. 438, 445 (1962); Busch v. County of Volusia, 189 F.R.D. 687, 691-92 (M.D. Fla. 1999); United States v. Wilson, 707 F. Supp. 1582, 1583 (M.D. Ga. 1989), aff'd., 896 F.2d 558 (11th Cir. 1990).

"Determination of good faith necessitates an inquiry into the appeal's merits, but such inquiry is limited to whether appeal involves legal points arguable on their merits, and is therefore not frivolous, and does not require that probable success be demonstrated." Busch, 189 F.R.D. at 692. "In deciding whether an IFP appeal is frivolous, a district court determines whether there is 'a factual and legal basis, of constitutional dimension, for the asserted wrong, however inartfully pleaded.'" Sun v. Forrester, 939 F.2d 924, 925 (11th Cir. 1991) (citing Watson v. Ault, 525 F.2d 886, 892 (5th Cir. 1976)).  The ultimate determination of whether the appeal is taken in good faith–and therefore not frivolous–is within the discretion of this Court.  See Adkins v. E. I. Du Pont de Nemours & Co., 335 U.S. 331, 337 (1948) ("We know of few more appropriate occasions for use of a court's discretion than one in which a litigant, asking that the public pay costs of his litigation, either carelessly or wilfully and stubbornly endeavors to saddle the public with wholly uncalled-for

---

[2] Further, the Federal Rules of Appellate Procedure also govern motions to proceed in forma pauperis:
> Except as stated in Rule 24(a)(3), a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that: (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs; (B) claims an entitlement to redress; and (C) states the issues that the party intends to present on appeal.

Fed. R. App. P. 24(a)(1).

expense.").

Here, the Court concludes that Plaintiff cannot proceed in forma pauperis because his appeal is not taken in good faith. Plaintiff's Complaint was dismissed because it did not even approach the pleading requirements necessary to satisfy the initial review. His Complaint failed to present any legal justification, nor did it contain any facts detailing any conduct that would support his claim for monetary relief. Attached to Plaintiff's Motion to Appeal (doc. 6)–which document this Court treated as a Notice of Appeal–is a narrative in which Plaintiff attempts to cure the deficiencies present in his earlier Complaint. In addition to the jurisdictional issues that Plaintiff would no doubt face should he continue to attempt to prosecute his claim in federal court, the undersigned notes that Plaintiff has not provided a legal point on which to base the appeal of the dismissal of his original Complaint.

## III. CONCLUSION

This Court certifies that Plaintiff's appeal is not taken in good faith. Accordingly, Plaintiff's Motion to Proceed Without Prepayment of Fees and Affidavit (doc. 7) is DENIED. Plaintiff is advised to consult Rule 24(a)(5) of the Federal Rules of Appellate Procedure.

SO ORDERED, this 25th day of April, 2008.

> **/s/ *Hugh Lawson***
> HUGH LAWSON, CHIEF JUDGE
> UNITED STATES DISTRICT COURT

HL/cbb